IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, May 21, 2004

## TERESA BARGER v. LINDA MCGINNIS, et al.

**Direct Appeal from the Chancery Court for Hamblen County**
**No. 2002-428      Hon. Thomas R. Frierson, Judge**

**No. E2003-01932-COA-R3-CV - FILED JULY 23, 2004**

The Trial Court awarded plaintiff Judgment against defendants.  On appeal defendants sought to reverse Judgment of the Trial Court.  No transcript of evidence was filed.  We affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Linda McGinnis, *Pro se.*

### OPINION

Plaintiff, Teresa Barger, filed a Complaint against her landlord, Linda McGinnis, and McGinnis' purported agent, Terry McCracken, alleging that on July 13, 2002, the defendants wrongfully shut off plaintiff's water and electricity, had entered the home and thrown out her food, and had changed the locks and padlocked the home so plaintiff could not return. Plaintiff asserted that she was current on her rent payments through June, and had the July rent payment ready on July 2, 2002, but defendants never came to collect, as had been their custom and practice.   Plaintiff asserted that she was given no notice to vacate, and charged the defendants with a breach of the lease agreement.

A hearing was held on August 5, 2002, and the Court found that it was undisputed

that defendants changed the locks and installed a deadbolt on the residence without providing plaintiff keys, and that it was also undisputed that defendants shut off the water and electricity for the residence. The Court further found there was a dispute among the parties regarding the payment of rent and utilities, but that defendants had filed no legal proceedings against plaintiff. The Court ordered that the restraining order prohibiting defendants from interfering with plaintiff's use of the residence, would be converted to a temporary injunction pending further hearing, and that plaintiff would have use of the residence pending a further hearing, with the water and electricity restored.

On August 15, 2002, plaintiff filed a Motion to Show Cause, asserting that plaintiff had not yet received keys to the residence, and that the utilities had not been restored. Plaintiff asked that defendants be held in contempt, and punished in a manner sufficient to compel compliance with the Court's order.

At a hearing on August 26, 2002, the Court found that defendants failed to appear though due notice was given, and further found that defendants were in willful contempt of the Court's order, and would be fined $50.00 per day from August 5, 2002 (the date the prior order was entered) until they complied with the Court's order.

Plaintiff then filed a Motion for Judgment by Default on October 29, 2002, alleging that more than thirty days had passed since the filing of the Complaint, and defendants had failed to answer. Defendants then filed a handwritten Motion for Judgment by Default, alleging that they had "answered plaintiff [sic] complaint to the best of our means" and seeking judgment against plaintiff. Plaintiff's Legal Aid attorney then withdrew.

Defendants then filed what appears to be a counter-claim, alleging various charges against plaintiff for damage to the residence and outstanding rent and utilities. Plaintiff filed an Answer to Counterclaim, and conceded that she owed certain things, but alleged that she was not responsible for most of the charges defendants sought.

At a court hearing on May 20, 2003, the Court entered an Order which recites "based upon the evidence and testimony presented", the Court found that defendants should reimburse plaintiff $721.07 for hotel expenses and her personalty which they disposed of. The Court found that plaintiff should pay 12 days' rent and utilities, plus the cost of paint, for a total of $145.80. The Court offset the two judgments and ordered defendants to pay plaintiff $575.27. The Court also ordered defendants to pay $1,500.00 in contempt fines into the registry of the court. Defendants filed Notice of Appeal.

Defendants basically ask for this Court to relieve them from the Judgment. Defendants are pro se, and their brief does not follow the proper briefing format as set forth in Tenn. R. App. P. 27. While we afford some leniency to *pro se* parties, it is difficult to determine what relief defendants are asking from the documents that have been filed.

There is no transcript or statement of the evidence from the hearing, and no notice

was filed as required by Tenn. R. App. P. 24(d), and appellee did not file a brief

In the absence of a transcript from the hearing, or a statement of the evidence, we must presume there was sufficient evidence to support the Trial Court's Judgment. *In re Estate of Henderson*, 121 S.W.3d 643 (Tenn. 2003).

Defendants also ask this Court to permit them to make monthly payments on the contempt judgment, but this request is properly addressed to the Trial Court. Contempt judgments are reviewed under an abuse of discretion standard. *Powell v. Powell*, 124 S.W.3d 100 (Tenn. Ct. App. 2003). The Court had the discretion to punish defendants for failing to comply with the Court's prior order (*see* Tenn. Code Ann. §29-9-102 through 104), but such punishment can only be imposed after finding that the contempt is willful. *See also Ahern v. Ahern*, 15 S.W.3d 73 (Tenn. 2000). The Court in its Order of Contempt found the contempt was willful at the August 26, 2002 hearing.

As to the amount of the contempt judgment, the Trial Court ordered defendants to "pay the contempt fine from the date of the Order providing for the fine until the power was restored. The Court finds that a period of thirty (30) days shall be assessed at Fifty Dollars ($50.00) per day, totaling Fifteen Hundred Dollars ($1,500.00), and shall be paid to the Clerk & Master's Office into the registry of the Court."

Since there is no record of what proof the Court had before it at that hearing, it is impossible to tell whether the Court abused its discretion in assessing this fine. Absent an evidentiary record, the appellants cannot demonstrate they are entitled to any relief. Accordingly, we affirm the Judgment of the Trial Court, and remand with the cost of the appeal assessed to appellants.

_____
HERSCHEL PICKENS FRANKS, P.J.